FILED
2016 Sep-06  PM 04:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| JULIE ROGERS, an individual; | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO.: |
| | ) | |
| FORTIS INSTITUTE and | ) | |
| EDUCATION AFFILIATES, LLC | ) | **PLAINTIFF DEMANDS** |
| | ) | **TRIAL BY STRUCK JURY** |
| Defendants. | ) | |

## COMPLAINT

COMES NOW the Plaintiff, as named above, by and through her undersigned counsel, and asserts the following claims for relief, as follows:

## I.  INTRODUCTION

1. This action arises out of the Defendants' pattern and practice of unauthorized procurement of personal information and subsequent impermissible use of personal information for the purpose of creating fraudulent financing contracts with persons who never consented or agreed to any financing contract or

contractual relationship.  In simplest terms, Defendants stole Plaintiff's identity for the purpose of its own profit.  Defendants conducted and participated in such activity in complete disregard of the Plaintiff's lack of authorization, and when the Plaintiff was not a party to any transaction or any contract or any financing with the Defendants Fortis Institute and/or Education Affiliates, LLC. Defendants, as part of their routine course of business, participate in such unlawful and surreptitious activity in an effort to maximize the profit made by Defendants through student education financing.  Theft of identity is, *inter alia*, a violation of Alabama's "Consumer Identity Protection Act" codified in the Code of Alabama §13A-8-190 *et seq*.  The unauthorized procurement and use of a consumer credit report is, *inter alia*, a violation of the Fair Credit Reporting Act, codified at 15 USC § 1681 *et seq*, hereinafter referred to as the "FCRA." This conduct also constitutes various common law torts, as set forth herein.

## II.  NATURE OF THE CASE

2. This is an action for damages arising under the Fair Credit Reporting Act, and of fraud, suppression, negligence, negligent misrepresentation, theft of identity, defamation and invasion of privacy.  Under the facts alleged herein, the aforementioned acts constitute and are part of a lending scheme based on stolen identities and carried out by Defendants.

### III. JURISDICTION

3.  The instant action is brought pursuant to the provisions of the Fair Credit Reporting Act, ("FCRA"), 15 U.S.C. § 1681 *et seq*.  Jurisdiction for these claims is conferred on this Court through 28 U.S.C. § 1331, with resulting jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

### IV. VENUE

4.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) in that Plaintiff and Defendants reside or do business in this district and/or a substantial part, if not all, of the events or omissions giving rise to the claim occurred in this district.  Venue is also proper in this district pursuant to 18 U.S.C. § 1965(a) in that all parties reside, are found, have an agent, and/or transact her or its affairs in this district.

### V. JURY DEMAND

5.  Plaintiff invokes her right to trial by jury as provided for in 42 U.S.C. § 1981a(c)(1) and Rule 38 of the Federal Rules of Civil Procedure.

## VI.   PARTIES

6.      The Plaintiff, **Julie Rogers** (hereinafter Plaintiff), is an individual over the age of nineteen (19) years, and a resident of Jefferson County, Alabama.

7.      Defendant **Fortis Institute** ("Fortis") is a for-profit institution that is owned and operated by Education Affiliates. Fortis Institute offers various career training programs.  Fortis Institute does business in Jefferson County Alabama, within the Northern District of Alabama, at 100 London Pkwy, Ste 150, Birmingham, AL 35211.

8.      Defendant **Education Affiliates, LLC** is headquartered in Baltimore, Maryland, and, through information and belief, owns and operates Fortis Institute. Education Affiliates LLC's principal office is located at 5024-A Campbell Boulevard, Baltimore, MD 21236, and its registered agent is located at Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

9.      **AGENCY AND CULPABILITY OF A DEFENDANT FOR ACTS/OMISSIONS OF OTHERS:** In doing the acts and omission herein alleged, Plaintiff alleges that Defendants conspired with each other and/or with other individuals or entities presently unknown to Plaintiff, to engage in the conduct made the subject of this Complaint, and acted as agents of one another,

pursuant to a common goal or scheme to carry out the wrongful patterns of conduct herein alleged and to conceal the same.

10.   **RESPONDEAT SUPERIOR LIABILITY:** As the principal of its employees and agents, Defendants are liable to Plaintiff for any and all damages suffered by Plaintiff as a result of the unlawful acts of Defendants' employees and agents.

## VII.   FACTUAL ALLEGATIONS

11.   Plaintiff Julie Rogers hereby incorporates and adopts each of the above and foregoing allegations and material averments as if fully set forth herein.

12.   Through information and belief, On or about July 1, 2015, Plaintiff's son, Colton R. Amerson, ("Colton") went to Fortis Institute in Birmingham, Alabama to inquire about attending classes offered by the Defendant.

13.   At some point in the enrollment process, Colton called his mother, Plaintiff herein, and asked her to provide him "emergency contact" information to use on school enrollment forms.  Plaintiff provided this information to her son for the sole purpose of "emergency contact information".

14.   On or about October, 2015, Plaintiff went to Virginia College to apply to the school's surgical technician program, and was accepted as a student.  When Plaintiff applied for a student loan to help pay for the program, she was told that

she was ineligible for a student loan because she already had an outstanding student loan with Fortis Institute.  Plaintiff was unable to otherwise afford the program and was unable to enroll in any classes.

15.    On or about February, 2016, Plaintiff went to Fortis' place of business in Birmingham, Alabama, in an effort to learn why Virginia College told her there was a student loan in her name connected to Fortis Institute.  Plaintiff requested and obtained copies of documents from Fortis indicating that Fortis obtained Plaintiff's credit report on or about July 9, 2015.  Plaintiff received a copy of a Fortis document denoted as a "Consent to Obtain Credit Report" which contained her personally identifying information, and which had a forgery of her signature on the document.  Plaintiff also received a copy of a "Direct Loan" "Master Promissory Note" document which appeared to be electronically signed "julie rogers" on August 20, 2015, and which purported to make the Plaintiff responsible for payment of the loan.   It was at this time that Plaintiff became aware that Fortis had defrauded her and had created false loan documents.  Plaintiff had never before seen the documents provided to her by Fortis, and was unaware of the existence of these documents, did not sign these or any other such documents, and did not authorize anyone to sign these, or any other Fortis related documents on her behalf.

16.     At no time did Plaintiff sign any contract, or enter into any agreement, in any form, with Fortis Institute.  Plaintiff did not provide any authorization for Defendants to obtain Plaintiff's credit report or for her signature to be used for any reason.  At no time did Plaintiff give permission to any Defendant to take any action which would result in any other person or entity to obtain Plaintiff's consumer credit report for any reason.  Plaintiff was not engaged in any underlying credit transaction with Defendants, and Plaintiff had no desire or intention that Defendants obtain her credit report.

17.     Plaintiff avers that Defendants covertly and illegally obtained Plaintiff's personal identification and credit information without a permissible purpose in order to foster and accomplish its illegal schemes and practices of identity theft for the ultimate end of financial gain at the expense of Plaintiff and others similarly situated.

18.     On or about July 9, 2015, and possibly other occasions, Defendants caused inquiries to be made on Plaintiff's consumer credit report.  Plaintiff was not aware of such inquiries until October 2015.

19.     On or about July 21, 2016, and on other occasions, Plaintiff has received letters from Vermont Student Assistance Corporation which state that Plaintiff's owes money on an account with Vermont Student Assistance Corporation, and that the account is past due.  Through information and belief, this information

also appears on Plaintiff's credit reports, and has affected her credit standing negatively.

20.    As the result of the forgoing, Plaintiff has been denied financing, has been subject to debt collection letters and communications, and it is now erroneously reported on Plaintiff's credit report that Plaintiff applied for credit on said date.

### *How the FRCA applies to the Plaintiff's circumstance*

21.    Plaintiff is a "consumer" as defined by § 1681a(c) of the FCRA.

22.    Defendants are both a "person" and a "user" of consumer credit and other financial information, as said terms are defined and contemplated respectively, under the FCRA.

23.    The U.S. Department of Education ("DOE") is both a "person" and a "user" of consumer credit and other financial information, as said terms are defined and contemplated respectively, under the FCRA.

24.    Through information and belief, DOE obtained Plaintiff's consumer credit report from various credit reporting agencies (CRAs), and provided Defendants information that constitutes a "consumer credit report," as that term is defined by the FCRA.

25.    Through information and belief, Defendants obtained a consumer credit report on the Plaintiff under false pretenses and without a permissible purpose

on each and every occasion that DOE provided Defendant with a decision regarding financing for Plaintiff.

26.　　At all relevant times, employees and agents of Defendants, engaged by Defendants for the purpose of sales, office administration and/or tasks related to Defendant's business, had access to computer hardware and software allowing them to, among other things, request and obtain consumer credit and other financial information on behalf of, or for the benefit of, Defendants.

27.　　Employees and agents of Defendants are both "persons" and "natural persons," as said terms are contemplated and defined under the FCRA, respectively.

28.　　Defendants did not have a lawful purpose for requesting, obtaining and using Plaintiff's consumer credit report from DOE, and therefore Defendants' request, acquisition and use of Plaintiff's consumer credit report was in violation of the FCRA.

29.　　Employees and agents of Defendants, while acting for and on behalf of Defendants, and while performing activities within the scope of their business relationship with Defendants, requested, obtained and used Plaintiff's consumer credit report.

30.　　Employees and agents of Defendants did not have a lawful purpose for requesting, obtaining and using Plaintiff's consumer credit report from DOE,

and therefore said request, receipt and use of Plaintiff's consumer credit report was in violation of the FCRA.

31.    As the proximate result of the aforementioned conduct of the Defendants, Plaintiff's access to credit has been compromised, denied, and continues to be compromised, by imparting to past, present and future credit grantors, that Plaintiff has applied for credit on the occasion(s) made the subject of this complaint, resulting in actual damages through denial of credit, increased costs of credit or declined credit, as well as other costs incurred by Plaintiff, including, but not limited to, the costs and expenses incurred herein.

## VIII. CAUSES OF ACTION

## COUNT ONE: WILLFULNESS, WANTONESS, NEGLIGENCE and/or RECKLESSNESS

32.    Plaintiff hereby incorporates and adopts each of the above and foregoing allegations and material averments as if fully set forth herein.

33.    Defendants owed Plaintiff a duty not to be willful, wanton, negligent and/or reckless in its conduct toward Plaintiff.

34.    Defendants were willful, wanton, negligent and/or reckless in its covert and illegal acquisition, use, and retention and use of Plaintiff's personal information.

35.     Defendants were willful, wanton, negligent and/or reckless in its conduct as to the Plaintiff in that Defendants created false loan contracts in Plaintiff's name, using Plaintiff's illegally obtained personal information. Such conduct caused Plaintiff to be subject to debts without her authorization or knowledge, prevented Plaintiff from obtaining her own student loans, and caused Plaintiff's consumer credit report to contain negative and false inquiries and information, as well as other incidental and consequential damages to Plaintiff.  At all times, it was reasonably foreseeable by Defendants that Plaintiff would suffer these damages.   In particular, and without limitation, Defendants, a for-profit education company, knew that existence of the false loan created by Defendants would hinder or prevent Plaintiff from obtaining other educational financing.

36.     Defendant's failure to comply with the FCRA when it requested, obtained and used the Plaintiff's consumer credit report was negligent, as contemplated under 15 U.S.C. § 1681o of the FCRA.  As a result of said conduct by Defendant, Plaintiff has been damaged.

37.     In the alternative, Defendant's failure to comply with the FCRA when it requested, obtained and used the Plaintiff's consumer credit report was willful, as contemplated under 15 U.S.C. § 1681n of the FCRA.  As a result of said conduct by Defendant, Plaintiff has been damaged.

38.    In the alternative, Defendant's request for, acquisition of and use of the Plaintiff's consumer credit report constituted the knowing and willful receipt of information on a "consumer" (as said term is defined under the FCRA) under false pretenses, as contemplated under 15 U.S.C. § 1681n and § 1681q of the FCRA.  As a result of said conduct by Defendant, Plaintiff has been damaged.

*Defendant's Employee's and Agent's Conduct:*

39.    Defendants' employees' and agents' failure to comply with the FCRA when they requested, obtained and used the Plaintiff's consumer credit report was negligent, as contemplated under 15 U.S.C. § 1681o of the FCRA.  As a result of said conduct, Plaintiff has been damaged.

40.    In the alternative, said employees' and agents' failure to comply with the FCRA when they requested, obtained and used the Plaintiff's consumer credit report, was willful, as contemplated under 15 U.S.C. § 1681n of the FCRA.  As a result of said conduct, Plaintiff has been damaged.

41.    In the alternative, said employees' and agents' request for, acquisition of, and use of the Plaintiff's consumer credit report constituted the receipt of information on a consumer under false pretenses or knowingly without a permissible purpose under the FCRA, as contemplated under 15 U.S.C. § 1681n

and § 1681q of the FCRA.  As a result of said conduct, Plaintiff has been damaged.

*Defendants' Negligent hiring, Negligent Supervision,*

*and Negligent Retention of Employees*

42.    Defendants owed Plaintiff a duty of care and professionalism in the rendition of the services rendered, in training and supervising its employees to perform those services in full compliance with the laws of the State of Alabama and the Federal Government, in not engaging or allowing its agents to engage in the wrongful practices herein alleged, in not suppressing or concealing such activities, or enabling its agents to do so, and in not terminating or otherwise disciplining those employees or agents known to have violated company policies, state and federal laws or regulations by engaging in the misconduct herein alleged.

43.    Defendants owed duties to Plaintiff in putting forth loyal, honest, and fair dealing employees or agents who act in compliance with State laws regarding the proper method utilized for credit inquiry, loan processing, and loan procurement with the DOE, and Defendants' superior knowledge of those respective industries, its practices, and Defendants' practices.  Defendants' negligent retention of employees known to have engaged in the misconduct described herein acted as ratification of such misconduct.  The Defendants each,

and working collectively, or as agents, breached the duties they owed to Plaintiff, and such breaches arise out of the negligent or wanton conduct of the Defendants and those who acted in concert or conspiracy with them or acted as their agents, servants or employees, and in the line and scope of their business and contractual and statutory and regulatory duties, in order to preserve and protect the financial interest of the Defendants and those who acted in concert or conspiracy with them.

44.   Defendants knew, or should have known, of the wrongful or fraudulent practices engaged in by its employees or agents, and knew or should have known that its own training, supervision and retention practices were inadequate to fulfill its obligation to protect the public and the Plaintiff. Defendants knew, or should have known, that its policies and practices in training, supervising, and retaining such employees were inadequate to prevent or detect the misconduct described herein, and such inadequate policies and practices were an actual and proximate cause of Plaintiff's injuries.

45.   Plaintiff has incurred damages proximately caused by Defendants' negligence in training, supervising, and retaining its employees and/or agents.

46.   By its conduct the Defendants breached said duties to Plaintiff and were wanton, negligent and/or reckless.

47.    As a proximate result of the aforementioned conduct of Defendants, and Defendant's employees and agents, Plaintiff was caused to suffer loss of monies, incidental and consequential damages, as well as severe mental anguish and emotional distress.

48.    WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court will award damages in an amount the Court deems appropriate to compensate Plaintiff, for her loss of monies, incidental and consequential damages, severe mental anguish and emotional distress, in the amount of $80,000.00, as well as attorney's fees and costs of this proceeding, and punitive damages to deter such conduct in the future.

## COUNT TWO:  VIOLATION OF THE FCRA - NEGLIGENT FAILURE TO COMPLY WITH REQUIREMENTS OF FCRA

49.    Plaintiff hereby incorporates and adopts each of the above and foregoing allegations and material averments as if fully set forth herein.

50.    Defendants negligently failed to comply with the FCRA when they obtained credit reports on the Plaintiff from the DOE under false pretenses or knowingly without a permissible purpose.

51.    Defendants negligently failed to comply with the FCRA when they used credit reports on the Plaintiff obtained from the DOE under false pretenses or knowingly without a permissible purpose.

52.    Defendants negligently failed to comply with the FCRA when they obtained credit reports on the Plaintiff from the DOE by false certification of a permissible purpose contrary to 15 U.S.C. § 1681e.

53.    Pursuant to 15 U.S.C. § 1681o, any person who is negligent in failing to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (i) any actual damages sustained by the consumer as a result of the failure and (ii) in the case of any successful action to enforce any liability under 15 U.S.C. § 1681o, the costs of the action together with reasonable attorneys' fees.

54.    As a result of Defendants' negligent failure to comply with the FCRA, Defendants are liable to the Plaintiff in an amount equal to the sum of (i) any actual damages sustained by the Plaintiff as a result of said failure and (ii) the costs of this action together with reasonable attorneys' fees.

55.    WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court will award damages in an amount the Court deems appropriate to compensate Plaintiff, for her loss of monies, incidental and consequential damages, severe mental anguish and emotional distress, in an amount to be determined by a jury,

as well as statutory damages, attorney's fees and costs of this proceeding, and punitive damages to deter such conduct in the future.

## COUNT THREE: VIOLATION OF THE FCRA - WILLFUL FAILURE TO COMPLY WITH REQUIREMENTS OF FCRA

56.     Plaintiff hereby incorporates and adopts each of the above and foregoing allegations and material averments as if fully set forth herein.

57.     Defendants willfully failed to comply with the FCRA when they obtained and used credit reports on the Plaintiff from the DOE under false pretenses or knowingly without a permissible purpose.

58.     Defendants willfully failed to comply with the FCRA when they used credit reports on the Plaintiff obtained from the DOE under false pretenses or knowingly without a permissible purpose.

59.     Defendants willfully failed to comply with the FCRA when they obtained and used credit reports on the Plaintiff from the DOE by false certification of a permissible purpose contrary to 15 U.S.C. § 1681e.

60.     Pursuant to 15 U.S.C. § 1681n, any person who willfully fails to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of  (i) any actual damages sustained by the consumer as a result of the failure or damages or not less than $100.00 and

not more than $1,000.00; (ii) such amount of punitive damages as the court may allow; and (iii) in the case of any successful action to enforce any liability under 15 U.S.C. § 1681n, the costs of the action together with reasonable attorneys' fees.

61.    As a result of Defendants' willful failure to comply with the FCRA, defendants are liable to the Plaintiff in an amount equal to the sum of (i) any actual damages sustained by the Plaintiff as a result of the failure or damages of not less than $100.00 and not more than $1,000.00 for each such violation; (ii) such amount of punitive damages as the court may allow; and (iii) the costs of this action together with reasonable attorneys' fees.

62.    WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court will award damages in an amount the Court deems appropriate to compensate Plaintiff, for her loss of monies, incidental and consequential damages, severe mental anguish and emotional distress, in an amount to be determined by a jury, as well as attorney's fees and costs of this proceeding, and punitive damages to deter such conduct in the future.

## COUNT FOUR: VIOLATION OF THE FCRA - OBTAINING CONSUMER CREDIT REPORT WITHOUT PERMISSIBLE PURPOSE

63.    Plaintiff hereby incorporates and adopts each of the above and foregoing allegations and material averments as if fully set forth herein.

64.    As described herein, Defendants obtained Plaintiff's credit report without a permissible purpose.

65.    Pursuant to 15 U.S.C. § 1681n, any natural person who obtains a consumer credit report under false pretenses or knowingly without a permissible purpose under 15 U.S.C. § 1681b is liable to that consumer in an amount equal to the sum of (i) any actual damages sustained by the consumer as a result of the failure or $1,000.00, whichever is greater, for each impermissible access of her credit report; (ii) such amount of punitive damages as the court may allow; and (iii) in the case of any successful action to enforce any liability under 15 U.S.C. § 1681n, the costs of the action together with reasonable attorneys' fees.

66.    As a result of Defendants' request and receipt of a consumer credit report under false pretenses or knowingly without a permissible purpose, Defendants are liable to the Plaintiff in an amount equal to the sum of (i) any actual damages sustained by the Plaintiff  as a result of the failure or $1,000.00, whichever is greater, for each impermissible access of her credit report; (ii) such amount of punitive damages as the court may allow; and (iii) the costs of this action together with reasonable attorneys' fees.

67.    WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court will award damages in an amount the Court deems appropriate to compensate Plaintiff, for her loss of monies, incidental and consequential damages, severe mental

anguish and emotional distress, in an amount to be determined by a jury, as well as attorney's fees and costs of this proceeding, and punitive damages to deter such conduct in the future.

## COUNT FIVE: THEFT OF IDENTITY

68.    Plaintiff hereby incorporates and adopts each of the above and foregoing allegations and material averments as if fully set forth herein.

69.    Alabama's "Consumer Identity Protection Act" is codified at Ala.Code § 13A-8-190 *et seq*.  This Act, found in the Alabama Criminal Code, provides for both criminal and civil remedies where a person's identifying information is used to perpetrate a crime as defined under the Act.

70.    § 13A-8-191 (2) defines "identifying information" to include, but not limited to, a person's: name, social security number, financial services account numbers, and any other numbers or information that can be used to obtain or act as identification.

71.    § 13A-8-192 provides that "a person commits the crime of identity theft if, without authorization, consent or permission of the victim, and with the intent to defraud for her or her own benefit or the benefit of a third person, he or he does any of the following: (1) Obtains records, or accesses identifying

information that would assist in accessing financial resources, obtaining identification documents or obtaining benefits of the victim."

72.     § 13A-8-199 provides a civil remedy, in addition to other remedies provided by law, under which the "victim" may recover the greater of $5000.00 or three times actual damages for each incident, plus attorney's fees and court costs.

73.     Plaintiff is a "victim" as defined under the Consumer Identity Protection Act.

74.     Defendants used Plaintiff's identifying information without permission, with intent, for their/its own profit, for the purpose of defrauding the Plaintiff, all in such a way as to have committed the crime of identity theft as defined under the Consumer Protection Act each time it submitted Plaintiff's information for the purpose of receiving Plaintiff's credit information, and each time it used Plaintiff's identity on false loan documents.

75.     Defendants are liable to Plaintiff under the Consumer Identity Protection Act for all remedies available to her under the Act.

76.     WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court will enter a judgment against the Defendants in this action, and award statutory damages; damages to compensate Plaintiff, for her loss of monies, incidental and consequential damages, severe mental anguish and emotional distress, in

the amount of $80,000.00, as well as attorney's fees and costs of this proceeding, and punitive damages to deter such conduct in the future.

## COUNT SIX:  INVASION OF PRIVACY

77.  Plaintiff adopts the averments and allegations of each and every paragraph included in the above and below paragraphs as if fully set forth herein.

78.  The actions taken by Defendants in (a) obtaining personal and private credit reports and credit information regarding the Plaintiff, and (b) in creating false loan documents, constitute an invasion of Plaintiff's privacy.

79.  Defendants' (a) obtaining of Plaintiff's credit reports, and (b) creating false loan documents, was intentional, and made in disregard of the Plaintiff's right to privacy and was an unreasonable intrusion upon the seclusion of Plaintiff.

80.  Defendants' actions caused unwarranted publicity, wrongful intrusion, and unwarranted exploitation of Plaintiff's private financial and credit information, as well as financial distress and/or injury, which has disrupted and harmed Plaintiff in such a manner as to cause outrage, mental suffering, shame, and humiliation to any person with ordinary sensibilities.

81.  As a proximate result, Plaintiff was caused to suffer financial injury, including loss of credit, loss of credit worthiness, worry, humiliation, loss of sleep, anxiety, nervousness, emotional distress, fright, physical illness and pain,

mental anguish, as well as injury and damage to her reputation.

82.    WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court will award damages in an amount the Court deems appropriate to compensate Plaintiff, for her loss of monies, incidental and consequential damages, severe mental anguish and emotional distress, in the amount of $80,000.00, as well as attorney's fees and costs of this proceeding, and punitive damages to deter such conduct in the future.

## COUNT SEVEN: FRAUD, DECEIT, SUPPRESSION AND/OR MISREPRESENTATION

83.    Plaintiff hereby incorporates and adopts each of the above and foregoing allegations as if fully set forth herein.

84.    On or about July 1, July 9, and August 20, 2015, Defendants, while at its/their place of business at Fortis Institute in Birmingham, Alabama, by and through its agents and employees, knowingly and intentionally, and with intent to deceive Plaintiff, obtained Plaintiff's personally identifying for the purported purpose of Defendants requiring "emergency contact information" Defendants' actual purpose for the information was to gain access to Plaintiff's credit reports and to create false government loan documents in Plaintiff's name.

85.   Plaintiff reasonably relied on the foregoing representations by, including, but not limited to, providing Defendants with her personal and personally identifying information, including, but not limited to, Plaintiff's name, Plaintiff's phone number, Plaintiff's address, Plaintiff's birth date, Plaintiff's occupation, and Plaintiff's social security number.

86.   On or about July 9, and August 20, 2015, and possibly other dates, Defendants used the aforementioned information provided by the Plaintiff to obtain Plaintiff's credit report in contradiction of Defendants' representations to Plaintiff and without Plaintiff's authorization. Defendants also used the aforementioned information provided by the Plaintiff to create false and illegal U.S. Department of Education loan documents which were hidden and suppressed from Plaintiff.

87.   Said representations of the Defendants were false.  The Defendants, knew they were false and intentionally made said representations, thereby causing the Plaintiff to reasonably rely upon them.  Said suppression of information was made intentionally, and Defendants were under an obligation to communicate such information, including, but not limited to, requests for credit reports, loan documents, and liability pursuant to loan documents. Defendants in utilizing its position and status of providing and/or facilitating acquisition of DOE loans, including the loan made the subject of this action,

had an obligation to communicate all information relative to the credit check and the loan to Plaintiff, but failed to do so to cover up the illegality of its conduct and to increase its profit.

88.    As a proximate result of the conduct of Defendants, the Plaintiff was caused injury, incidental and consequential damages, including, but not limited to:

      a) damage to her credit;

      b) loss of credit;

      c) loss of borrowing power;

      d) damage to reputation;

      e) loss of education opportunity;

      f) loss of earning opportunity;

      g) costs and expenses of this action;

      h) legal costs;

      i) as well as severe mental anguish, emotional distress and anxiety.

89.    WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court will award damages in an amount the Court deems appropriate to compensate the Plaintiff for her loss of monies, incidental and consequential damages, severe mental anguish and emotional distress, in the amount of $80,000.00, plus attorney's fees and costs of this proceeding, as well as punitive damages to deter such conduct in the future.

## COUNT EIGHT:  LIBEL AND SLANDER

90. Plaintiff incorporates by reference all of the material allegations contained in the above and preceding paragraphs as if fully set forth herein.

91. Defendants reported false, derogatory, and inflammatory remarks to others, including, but not limited to, that Plaintiff had entered into and obtained a "Federal Direct Plus Loan".  This conduct is in violation of the common law of the State of Alabama, as articulated in New and Retitled Sections, Libel and Slander, APJI§§35.00 and 35.05.

92. At the time said communications were made, Defendants knew, or should have known the falsity of the communication, and recklessly disregarded the falsity and potential damage of the information.  Defendants knowingly, willfully and maliciously communicated the falsity.

93. As a proximate cause of said libelous and slanderous conduct, Defendants caused the Plaintiff to suffer financial injury, including loss of credit, loss of credit worthiness, worry, humiliation, loss of sleep, anxiety, nervousness, emotional distress, fright, physical illness and pain, mental anguish, as well as injury and damage to his reputation.

94. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court will award damages in the amount of $ 80,000.00 to compensate Plaintiff, for her loss of monies, incidental and consequential damages, severe mental anguish

and emotional distress, as well as attorney's fees and costs of this proceeding, and punitive damages to deter such conduct in the future.

## COUNT NINE:  INVASION OF PRIVACY

95. Plaintiff adopts the averments and allegations of each and every paragraph included in the above and below paragraphs as if fully set forth herein.

96. The actions taken by Defendants in the reporting, publishing, or otherwise disseminating false information regarding the Plaintiff, including but not limited to, that Plaintiff had entered into and obtained a "Federal Direct Plus Loan", which Defendants knew or should have known was false, constitute an Invasion of Privacy in violation of the common law of the State of Alabama.

97. Said communications were intentional, continuing, and made in disregard of the Plaintiff's right to privacy.

98. Defendants' actions caused unwarranted publicity, wrongful intrusion, and unwarranted exploitation of false information which has disrupted and harmed Plaintiff in such a manner as to cause outrage, mental suffering, shame, and humiliation to any person with ordinary sensibilities.

99. As a proximate result, Plaintiff was caused to suffer financial injury, including loss of credit, loss of credit worthiness, worry, humiliation, loss of sleep, anxiety, nervousness, emotional distress, fright, physical illness and pain,

mental anguish, as well as injury and damage to her reputation.

100. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court will award damages in the amount of $80,000.00 to compensate Plaintiff, for her loss of monies, incidental and consequential damages, severe mental anguish and emotional distress, in the amount to be determined by the Court as well as attorney's fees and costs of this proceeding, and punitive damages to deter such conduct in the future.

## COUNT TEN:  DEFAMATION

101.  Plaintiff adopts the averments and allegations of each and every above and below paragraph as if fully set forth herein.

102. Defendants reported false, derogatory, and inflammatory remarks to others, including but not limited to, that Plaintiff had entered into and obtained a "Federal Direct Plus Loan".  Said conduct is contrary to the common law of the State of Alabama, as articulated in New and Retiled Sections, Libel and Slander (Defamation), APJI §§ 23.00 through 23.15.

103. At the time said communications were made, Defendants knew, or should have known the falsity of the communication, and recklessly disregarded the falsity and potential damage of the information.  Defendant knowingly, willfully, and maliciously communicated the falsity.

104. As a result of said conduct, Plaintiff was caused to suffer injury to her reputation in the eyes of his community and the public, was denied financial loans, and was subjected to ridicule.

105. As a proximate result of said conduct, Plaintiff was caused to suffer financial injury, including loss of credit, loss of credit worthiness, worry, humiliation, loss of sleep, anxiety, nervousness, emotional distress, fright, physical illness and pain, mental anguish, as well as injury and damage to her reputation and business reputation.

106. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court will award damages in the amount of $80,000.00 to compensate Plaintiff, for her loss of monies, incidental and consequential damages, severe mental anguish and emotional distress, as well as attorney's fees and costs of this proceeding, and punitive damages to deter such conduct in the future.

## COUNT ELEVEN:  FALSE LIGHT

107.  Plaintiff adopts the averments and allegations of each and every above and below paragraph as if fully set forth herein.

108. Defendants held Plaintiff in a false light and made undesirable and negative character remarks about Plaintiff to third parties, including, but not limited to, that Plaintiff had entered into and obtained a "Federal Direct Plus Loan".  Said

remarks were untrue, inaccurate, and falsely alleged Plaintiff had indebtedness and or liabilities which, in fact, she did not have.

109. The conduct of the Defendants was and is objectionable to Plaintiff and to any reasonable person.   Defendants' actions were unreasonable and resulted in Plaintiff being placed in a false light.

110. Defendants acted maliciously, willfully, and intentionally to injure Plaintiff.

111. As a proximate result, Defendants caused the Plaintiff to suffer financial injury, including loss of credit, loss of credit worthiness, worry, humiliation, loss of sleep, anxiety, nervousness, emotional distress, fright, physical illness and pain, mental anguish, as well as injury and damage to her reputation.

112. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court will award damages in the amount of $80,000.00 to compensate Plaintiff, for her loss of monies, incidental and consequential damages, severe mental anguish and emotional distress, as well as attorney's fees and costs of this proceeding, and punitive damages to deter such conduct in the future.

**PLAINTIFF DEMANDS A TRIAL ON ALL ISSUES BY STRUCK JURY**

Respectfully Submitted,

Thomas C. Donald
ASB-6795-A47D, DON041

Law Office of Thomas C. Donald, LLC
1707 29th Court South
Birmingham, AL 35209
Phone: 205 985 2309
Email: cdonald@donaldlawfirm.com

*/s/ Michael E. Parrish*
Michael E. Parrish
ASB-5747-S69M, PAR075
PARRISH & THEUS, LLC
P.O. Box 590067
Birmingham, AL 35259-0067
Phone: 205 326 0026
Email: mike.parrish@parrish-theus.com

**DEFENDANTS' ADDRESSES**:

Education Affiliates, LLC
5026-D Campbell Blvd.
Baltimore, MD 21236
Phone: 410-633-2929

Fortis Institute Birmingham - Hoover
100 London Pkwy Ste 150
Birmingham, AL 35211
(205) 940-7800

**REGISTERED AGENT**:

Corporation Service Company
2711 Centerville Road
Suite 400
Wilmington, DE 19808